Sabrina P. Shroff
Attorney At Law

233 Broadway
New York, New York 10007
Tel: (646) 763-1490

June 18, 2020

By ECF and Electronic Mail
Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     United States v. Colinford Mattis, 20-cr-203 (BMC)

Dear Judge Cogan,

Colinford Mattis was indicted on June 11, 2020, by the first sitting grand jury after the court closed in March 2020 due to Covid-19.

The unusual circumstances of the indictment—that the grand jury sat in Central Islip, as opposed to Brooklyn, at a time when most members of the public in the Eastern District of New York were still under a stay-at-home order—may have compromised Mr. Mattis's right to a grand jury selected from a fair cross section of the community. By this letter motion and the declaration of statistician Jeffrey Martin, Ex. A, Mr. Mattis requests access to the records and papers used in connection with the constitution of the Master and Qualified Jury Wheels in the United States District Court for the Eastern District of New York, pursuant to the Fifth and Sixth Amendments to the United States Constitution and the Jury Selection and Service Act ("JSSA"), 28 U.S.C. §§ 1867(a) and (f).

Section 1867(f) of Title 28 of the United States Code allows a defendant to "inspect, reproduce, and copy . . . records or papers [used by the commission or clerk in connection with the jury selection process] at all reasonable times during the preparation and pendency of . . . a motion" to challenge the composition of the jury on the ground that it failed to reflect a fair cross-section of the community. 28 U.S.C. §§ 1867(a), (f); see also Test v. United States, 420 U.S. 28, 30 (1975). Inspection of such materials is essential to a defendant's ability to determine whether he has a potentially meritorious challenge. Test, 420 U.S. at 30. "An unqualified right to inspection is required not only by the plain text of the statute, but also by the statute's overall purpose of insuring 'grand and petit juries selected at random from a fair cross section of the community.'" Id. (quoting 28 U.S.C. § 1861(d)).

To invoke the right to inspect under Section 1867(f) and "[t]o avail himself of [the] right of access to otherwise non-public jury selection records, a litigant needs only allege that he is preparing a motion challenging the jury selection procedures." United States v. Alden, 776 F.2d 771, 773 (8th Cir. 1985). Mr. Mattis is not required to make any showing with respect to the probability of success of the motion. See, e.g., United States v. Williamson, 903 F.3d 124, 133 (D.C. Cir. 2018); United States v. Royal, 100 F.3d 1019, 1025 (1st Cir. 1996); see also United States v. Gotti, 2004 WL 2274712 (S.D.N.Y. 2004).

The defense does not seek any personal identifying information for the individuals whose records are maintained by the jury clerk's office. The full set of records should be provided in the

Honorable Brian M. Cogan                                                   June 18, 2020
Judge, United States District Court                                              Page 2

manner requested by the attached declaration. *See United States v. Saipov*, 17-cr-722 (VSB), 2020 WL 915808, at *3 (S.D.N.Y. Feb. 26, 2020) (granting similar request in full).

Pursuant to Section 1867(a), a defendant may raise a JSSA challenge "before the voir dire examination begins, or within seven days after the defendant discovered or could have discovered, by the exercise of diligence, the grounds therefor, whichever is earlier." *See* 28 U.S.C. § 1867(a). Although the Second Circuit has not considered what constitutes the timely filing of a motion pursuant to the JSSA related to the composition of a grand jury, some courts have determined that the statute requires an attempt to inspect grand jury records within seven days of the filing of an indictment. *See Saipov*, 2020 WL at *2.

Although Section 1867(a) does not require that a motion to dismiss be filed within seven days of the indictment, in an abundance of caution we move to dismiss the indictment on the grounds that the grand jury procedures in this case violated Title 28 of the United States Code. We seek leave of the Court to supplement this motion to dismiss once we have had an opportunity to inspect the grand jury records that are the subject of the above request.

<u>Conclusion</u>

For the foregoing reasons, we ask the Court to endorse the proposed order.

Respectfully submitted,

/s/Sabrina P. Shroff
*Counsel for Colinford Mattis*

cc:  All counsel (by ECF)
     Colinford Mattis (by mail)