

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

ICR/JEA
F. #2020R00508

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

July 11, 2020

By File Sharing and ECF

Sabrina P. Shroff, Esq.
Law Offices of Sabrina P. Shroff
233 Broadway
New York, NY 10007

Paul Shechtman, Esq.
Bracewell LLP
1251 Avenue of the Americas
49th Floor
New York, NY 10200

Peter W. Baldwin, Esq.
Drinker Biddle & Reath LLP
1177 Avenue of the Americas
41st Floor
New York, NY 10036

Re: United States v. Colinford Mattis and Urooj Rahman
Criminal Docket No. 20-203 (BMC)

Dear Defense Counsel:

Enclosed please find the government's discovery in accordance with Rule 16 of the Federal Rules of Criminal Procedure. The discovery material listed below has been provided via a secure file-sharing program accessible to defense counsel. The government also requests reciprocal discovery from the defendants.

I. The Government's Discovery

A. Statements of the Defendant

At the time of the defendant Mattis's arrest, the defendant Mattis stated, in sum and substance and in part, "Can I get my mask and my lawyer card," and "You'll see in the end that this was all a misunderstanding."

At the time of the defendant Rahman's arrest, the defendant Rahman stated, in sum and substance and in part, that she would "write a letter to the Police Commissioner about [the arresting officer's] professionalism" and thanked the arresting officer for not "acting biased towards them."

B. The Defendant's Criminal History

Documents pertaining to the defendant Mattis's criminal history are enclosed and Bates-stamped MATTIS000001 – MATTIS000017. Documents pertaining to the defendant Rahman's criminal history are enclosed and Bates-stamped RAHMAN000001 – RAHMAN000029.

C. Documents and Tangible Objects

Enclosed please find the following:

1. Surveillance Video

| | |
|---|---|
| NYPD 88th Precinct Surveillance Video | MATTIS_RAHMAN_000001 |
| 7 Eleven Surveillance Video – 395 Flatbush Ave., Brooklyn, New York | MATTIS_RAHMAN_000002 |
| Mobil Gas Station Surveillance Video – 463 Conduit Blvd., Brooklyn, New York | MATTIS_RAHMAN_000003 |
| BP Gas Station Surveillance Video – 1802 Atlantic Ave., Brooklyn, New York | MATTIS_RAHMAN_000004 |
| Traffic Camera Surveillance Video – Flatbush Ave. and DeKalb Ave., Brooklyn, New York | MATTIS_RAHMAN_000005 |
| Applebee's Restaurant Surveillance Video – 395 Flatbush Ave., Brooklyn, New York | MATTIS_RAHMAN_000006 |
| Pratt Institute Surveillance Video – 200 Willoughby Ave., Brooklyn, New York | MATTIS_RAHMAN_000007 |
| Loudlabs News New York Livestream Video – Full Video | MATTIS_RAHMAN_000008 |
| Loudlabs News New York Livestream Video – Rahman Interview in vicinity of 7 Eleven | MATTIS_RAHMAN_000009 |
| Loudlabs News New York Livestream Video – Rahman Throwing Brick at NYPD Vehicle | MATTIS_RAHMAN_000010 |

| NYPD Booking Photographs of Mattis and Rahman | MATTIS_RAHMAN_000480 – MATTIS_RAHMAN_000483 |
|---|---|

2. Records

| Records from Oath Holdings | MATTIS_RAHMAN_000011 |
|---|---|
| Records from AT&T | MATTIS_RAHMAN_000012 – MATTIS_RAHMAN_000081 |
| Records from T-Mobile | MATTIS_RAHMAN_000082 – MATTIS_RAHMAN_000084 |
| Records from Facebook | MATTIS_RAHMAN_000085 – MATTIS_RAHMAN_000109 |
| Records from Instagram | MATTIS_RAHMAN_000110 – MATTIS_RAHMAN_000127 |
| Records from Apple | MATTIS_RAHMAN_000128 – MATTIS_RAHMAN_000131 |
| Records from NYPD | MATTIS_RAHMAN_000132 – MATTIS_RAHMAN_000206 |
| Records from navigation system of Mattis's tan Chrysler Town & Country minivan ("Mattis Minivan") obtained pursuant to a search warrant | MATTIS_RAHMAN_000207 – MATTIS_RAHMAN_000212 |
| Records from New York Department of Motor Vehicles | MATTIS_RAHMAN_000484 – MATTIS_RAHMAN_000502 |
| Records from NYPD License Plate Readers regarding Mattis Minivan | MATTIS_RAHMAN_000503 – MATTIS_RAHMAN_000506 |
| Records from the Bureau of Alcohol, Tobacco, Firearms and Explosives | MATTIS_RAHMAN_000507 – MATTIS_RAHMAN_000510 |

3. Photographs

| Photographs taken by NYPD of Mattis Minivan | MATTIS_RAHMAN_000213 – MATTIS_RAHMAN_000221 |
|---|---|

| | |
|---|---|
| Photographs taken by Witness of Rahman holding Molotov Cocktail | MATTIS_RAHMAN_000222 – MATTIS_RAHMAN_000224 |
| Photographs taken by NYPD Crime Scene Unit of the NYPD vehicle, the Molotov cocktail used during the attack and the Mattis Minivan | MATTIS_RAHMAN_000225 – MATTIS_RAHMAN_000270 |
| Photograph taken by FBI of Mattis Minivan | MATTIS_RAHMAN_000271 – MATTIS_RAHMAN_000286 |
| Photographs taken by FBI of items seized in Mattis Minivan pursuant to a search warrant | MATTIS_RAHMAN_000287 – MATTIS_RAHMAN_000444 |
| Photographs taken by FBI of items seized in Mattis Minivan pursuant to a search warrant | MATTIS_RAHMAN_000445 – MATTIS_RAHMAN_000479 |
| Photographs taken by FBI of Molotov cocktail rendered safe and defendants' clothing vouchered at time of arrest | MATTIS_RAHMAN_000511 – MATTIS_RAHMAN_000522 |

You may examine the physical evidence discoverable under Rule 16, including original documents, by calling me to arrange a mutually convenient time.

D. Reports of Examinations and Tests

Enclosed please find the following:

| | |
|---|---|
| Final FBI Laboratory Report of Explosives and Hazardous Device Examination | MATTIS_RAHMAN_000523 – MATTIS_RAHMAN_000530 |
| Photographs supporting final FBI Laboratory Report of Explosives and Hazardous Device Examination | MATTIS_RAHMAN_000531 – MATTIS_RAHMAN_000580 |
| Preliminary FBI Laboratory Report of Explosives and Hazardous Device Examination | MATTIS_RAHMAN_000581 – MATTIS_RAHMAN_000588 |

The government will provide you with copies of any additional reports of examinations or tests in this case as they become available.

E. Expert Witnesses

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion.

At present, the government anticipates calling several expert witnesses at trial including:

1. An expert witness regarding the construction and use of explosive and incendiary devices, including but not limited to (i) materials that can be used to create such devices; and (ii) the feasibility of creating such a device with one or more of the items seized from one or both of the defendants.

2. An expert witness who is expected to testify that the explosive and incendiary devices recovered near the scene of the attack at the NYPD's 88th Precinct and in the Mattis Minivan are improvised incendiary devices, also known as Molotov cocktails.

3. An expert witness in latent fingerprints regarding the identification of latent fingerprints and the process by which fingerprints are taken from the scene of the attack and the defendants' arrest.

The identity, qualifications, and bases for the conclusions of each expert will be provided to you when they become available. The government reserves the right to call additional expert witnesses, and will provide advance notice of any intent to do so.

F. Brady Material

The government is not aware of any exculpatory material regarding the defendant. The government understands and will comply with its continuing obligation to produce exculpatory material as defined by Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.

Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials. See Giglio v. United States, 405 U.S. 150 (1972).

G. Other Crimes, Wrongs or Acts

The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

II. The Defendant's Required Disclosures

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify. See Fed. R. Crim. P. 26.2. In order to avoid unnecessary delays, the government requests that the defendant have copies of those statements available for production to the government no later than the commencement of trial.

The government also requests that the defendant disclose a written summary of testimony that the defendant intends to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence. The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of the defendant's intention, if any, to claim a defense of actual or believed exercise of public authority, and also demands the names and addresses of the witnesses upon whom the defendant intends to rely in establishing the defense identified in any such notice.

III. Emails Sent and Received by Defendants Incarcerated at a Bureau of Prisons Facility

The government may request that the Bureau of Prisons ("BOP") produce to the government emails sent and received by the defendant during his/her period of incarceration at a BOP facility (collectively, "BOP email communications"). While it is the government's position that BOP email communications, including those between the defendant and his or her attorneys and other legal assistants and paralegals on their staff, are not privileged communications, in most instances, the government will request that the BOP exclude from any production communications between the defendant and his or her attorneys and other legal assistants and paralegals on their staff, if you provide the full email addresses and phone numbers for such attorneys, legal assistants and paralegals by July 15, 2020. To enable this process, the government requests that you send an email to the undersigned Assistant U.S. Attorneys with the list of email addresses in the body of the email. If you subsequently wish to provide an email address for an additional attorney, legal assistant or paralegal or change any of the previously-provided email addresses, you should send an

email with the complete list of email addresses, including email addresses that remain unchanged, in the body of the email.

IV. Future Discussions

If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact me.

Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office. In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012).

Very truly yours,

SETH D. DUCHARME
Acting United States Attorney

By: /s/
Ian C. Richardson
Jonathan E. Algor
Assistant U.S. Attorneys
(718) 254-6248

Enclosures

cc: Clerk of the Court (BMC) (by ECF) (without enclosures)