

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

DMP:ICR/JEA
F. #2020R00508

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

December 29, 2021

<u>By ECF</u>

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:  <u>United States v. Colinford Mattis</u>
       <u>Criminal Docket No. 20-203 (BMC)</u>

Dear Judge Cogan:

  The government respectfully submits this letter in opposition to defendant Colinford Mattis's motion to reduce his conditions of release pending sentencing from home detention to curfew. (<u>See</u> ECF No. 71.) The defendant was arrested on May 30, 2020, on a complaint charging him with the arson of a New York City Police Department vehicle, in violation of 18 U.S.C. § 844(i). On June 1, 2020, Chief Judge Brodie ordered the defendant and his codefendant Urooj Rahman released on bail pending trial, subject to the condition that the defendants remain on home detention monitored by Pretrial Services. The government appealed that release order to the U.S. Court of Appeals for the Second Circuit, and on June 30, 2020, a divided panel affirmed the decision, explaining that while the panel majority "would not necessarily have reached the same conclusion as the judges below," the majority "cannot say that the district court committed clear error," and noting that "[t]he conditions of release contain provisions that impede defendants' ability to engage in criminal activity." <u>United States v. Mattis</u>, 963 F.3d 285, 296 (2d Cir. 2020).

  Since the Second Circuit's decision affirming the defendant's pretrial release subject to the home detention condition, the defendant and his codefendant have each pleaded guilty to one count of possessing and making a Molotov cocktail incendiary device, in violation of 26 U.S.C. §§ 5861(d) and 5861(f), an offense for which the government has estimated in the defendants' plea agreements a United States Sentencing Guidelines calculation of 120 months' imprisonment.

  After a defendant has been found guilty, "not only is the defendant's liberty expectation reduced, but the government's safety interest is also magnified because, as the

Supreme Court noted in Jones v. United States, '[t]he fact that a person has been found, beyond a reasonable doubt, to have committed a criminal act certainly indicates dangerousness.' This distinction is evidenced in the different presumptions about dangerousness that apply to pre-trial and post-verdict bail determinations." United States v. Abuhamra, 389 F.3d 309, 320 (2d Cir. 2004) (quoting Jones v. United States, 463 U.S. 354, 364 (1983)). Indeed, after a defendant is found guilty, 18 U.S.C. § 3143(a)(1) "establishes a presumption in favor of detention," and "[t]o secure release on bail after a guilty verdict, a defendant must rebut this presumption with clear and convincing evidence that he is not a risk of flight or a danger to any person or the community." Id. at 319 (citing Fed. R. Crim. P. 46(c) ("The provisions of 18 U.S.C. § 3143 govern release pending sentencing or appeal. The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant.")).

Following the defendant's guilty plea, the government did not seek his remand to custody because the government assessed that his compliance with home detention closely monitored by Pretrial Services provides sufficient assurance that the defendant's presumptive danger to the community and risk of flight would be mitigated by the same conditions and monitoring pending sentencing. The only factors identified by the defendant and Pretrial Services as supporting a reduction in the conditions of his release from home detention to curfew, however, are his compliance with the conditions of release thus far, and his preference for the periods of unsupervised freedom afforded to a defendant subject only to a curfew condition that would make it easier for the defendant to perform the duties of his current employment. The government respectfully submits that mere compliance with the court-imposed conditions of release is insufficient to rebut the statutory presumption under the Bail Reform Act.

Pretrial Services has advised the government that, in making its recommendation to reduce the defendant's conditions of release to curfew, Pretrial Services officers are not permitted to consider the statutory presumption that the defendant is a danger to the community and a risk of flight. Given the serious nature of the criminal conduct for which the defendant has now pleaded guilty and the substantial term of imprisonment he

2

faces at sentencing, the government respectfully submits that a reduction in his conditions of release from home detention to curfew pending his sentencing is unwarranted.

                              Respectfully submitted,

                              BREON PEACE
                              United States Attorney
                              Eastern District of New York

By:  /s/_____
       Ian C. Richardson
       Jonathan E. Algor
       Assistant U.S. Attorneys
       (718) 254-7000

Cc:    Clerk of the Court (BMC) (by ECF)
       Sabrina P. Shroff, Esq. (by ECF)