

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

DMP:ICR/JEA
F. #2020R00508

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

May 10, 2022

By ECF

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: United States v. Colinford Mattis and Urooj Rahman
       Criminal Docket No. 20-203 (BMC)

Dear Judge Cogan:

    The government respectfully submits this letter to (1) notify the Court that the parties have reached an alternative resolution of the charges in this case, (2) request that the Court cancel the scheduled May 18, 2022 hearing on the defendants' objections to the Probation Department's calculation of the defendants' advisory United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") sentence, (3) convert the May 18, 2022 Guidelines hearing into a change of plea hearing, and (4) set a new briefing and sentencing schedule at the change of plea hearing on May 18, 2022. The defendants join in the request for relief in this letter.[1]

    For the reasons below, the parties respectfully submit that the sentencing hearing currently scheduled for May 18, 2022 is no longer necessary because, under the new agreements between the parties, the defendants have agreed to withdraw their objections to the Guidelines calculation in the Presentence Investigation Reports ("PSRs"), and the government has agreed to recommend, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the imposition of a non-Guidelines sentence within a range of 18 to 24 months' imprisonment, well below the Guidelines sentence calculated in the PSRs.

---

[1] Ms. Shroff has advised the government that she is also scheduled for CJA Panel arraignment duty on May 18, 2022, and may have a scheduling conflict.

I. <u>Background</u>

   a. <u>The Original Plea Agreements</u>

On October 20, 2021, the defendants pleaded guilty pursuant to plea agreements to Count Seven of the above-captioned indictment, which charged them with the unlawful creation and possession of Molotov cocktail incendiary devices, in violation of 26 U.S.C. §§ 5861(d) and 5861(f). That count carries a maximum term of 10 years' imprisonment, and the government estimated in defendants' plea agreements that the Guidelines would recommend a sentence at the statutory maximum of 120 months' imprisonment, though the government agreed as part of the plea agreement "that consideration of the factors set forth at 18 U.S.C. § 3553(a) may indicate that a sentence below the advisory Guidelines sentence of 120 months' imprisonment estimated by the Office is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2)." Plea Agreements ¶ 5(b).

The defendants stipulated to the Guidelines range estimated in their respective plea agreements, except that the defendants were left free to challenge the application of the Guidelines terrorism enhancement. <u>See</u> U.S.S.G. § 3A1.4. Consistent with the estimated Guidelines sentencing ranges in the defendants' respective plea agreements, the Probation Department has estimated in the PSRs disseminated on February 22, 2022, that the defendants are subject to a Guideline sentence, restricted by the statutory maximum term of imprisonment of their count of conviction, of 120 months' imprisonment. This calculation results from the determination that the defendants fall within Criminal History Category VI and have a total offense level of 33 because of the application of the Guidelines terrorism enhancement. <u>See</u> U.S.S.G. § 3A1.4. Absent the application of the terrorism enhancement, the PSRs reflect that the defendants would both fall within Criminal History Category I and have a total offense level of 21, corresponding to an advisory Guidelines sentencing range of 37 to 46 months' imprisonment.

On March 10, and March 14, 2022, counsel to defendants Urooj Rahman and Colinford Mattis, respectively, filed objections to the Probation Department's determination that the terrorism enhancement is applicable to their conduct, and the Probation Department has now issued PSR addenda rejecting each defendant's objections to the application of the terrorism enhancement. The Court has scheduled a hearing for May 18, 2022, to decide whether the Guidelines require the application of the terrorism enhancement in determining the applicable Guidelines sentencing range.

   b. <u>The Superseding Plea Agreements</u>

After further discussion among the parties, the defendants have agreed to plead guilty to a superseding information to be filed in this district charging the defendants with one count of conspiracy, in violation of 18 U.S.C. § 371, to commit violations of 18 U.S.C. § 844(i) and 26 U.S.C. §§ 5861(d) and 5861(f). Under 18 U.S.C. § 371, the defendants will face a maximum term of imprisonment of 5 years. In the superseding plea agreements, the defendants have agreed not to oppose the Probation Department's Guidelines determination reflected in the PSRs and have waived their right to a hearing regarding that Guidelines determination. Under the superseding plea agreements, the defendants have agreed to waive their right to appeal if the Court imposes a term of imprisonment of 60 months or below.

The government, in turn, has agreed that, at sentencing it will move to dismiss the Indictment in the above-captioned case with prejudice, and to recommend, pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, that the Court impose a non-Guidelines sentence within a range of 18 to 24 months' imprisonment.[2] The defendants remain free to argue for a sentence below the sentencing range recommended by the government.

II.  Discussion

Both the government and the Probation Department have already recognized, based on the nature and circumstances of the offense and the histories and personal characteristics of these defendants, that, regardless of the applicable Guidelines range, it would be appropriate to sentence these defendants to terms of imprisonment far below the applicable Guidelines sentence determined in the PSR. Under the superseding plea agreements between the parties, the defendants have now agreed to withdraw their objections to the Guidelines range, and the government has agreed to recommend a non-Guidelines sentence of 18 to 24 months' imprisonment. Thus, there is no need for a hearing to resolve the Guidelines objections that the defendants have agreed to abandon.

The Court of Appeals has recognized that, in some circumstances, "precise calculation of the applicable Guidelines range may not be necessary," United States v. Crosby, 397 F.3d 103, 112 (2d Cir. 2005), and Rule 32(i)(3)(B) requires sentencing judges to resolve only those disputes that are material to a court's exercise of sentencing discretion, requiring that "[a]t sentencing, the court . . . must--for any disputed portion of the presentence report or other controverted matter--rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing," Fed. R. Crim. P. 32(i)(3)(B). Thus, a sentencing court may choose not to rule on even a disputed issue if it concludes that resolution of the issue would not affect the sentence imposed. Cf. United States v. Pocinoc, 833 F. App'x 847, 849 (2d Cir. 2020) (holding that district court complied with Rule 32(i)(3)(B) by stating that factual disputes as to uncharged conduct not resolved in its factual ruling would not affect the sentence).

Indeed, Crosby recognized that "situations may arise where the sentencing judge would not need to resolve every factual issue and calculate the precise Guidelines range, because the resolution of those issues might not affect a non-Guidelines sentence if the sentencing judge chooses to impose it." Id. at 112 n.12. Crosby observed, for example, that "close questions may sometimes arise as to the precise meaning or application of a policy statement authorizing a departure, and a judge who has considered policy statements concerning departures need not definitively resolve such questions if the judge has fairly decided to impose a non-Guidelines sentence." Id. at 112.

---

[2] The recommended sentencing range in the superseding plea agreements is not binding on the Court. See Fed. R. Crim. P. 11(c)(3)(B) ("To the extent the plea agreement is of the type specified in Rule 11(c)(1)(B), the court must advise the defendant that the defendant has no right to withdraw the plea if the court does not follow the recommendation or request.").

3

Here, the government has carefully considered the relevant statutory factors and has agreed to recommend, pursuant to Rule 11(c)(1)(B), that the Court sentence the defendants to a term of imprisonment within a range of 18 to 24 months, far below the 60-month term of imprisonment advised by the Guidelines. Indeed, the sentence the government will recommend under the superseding plea agreements is below the 37-to-46-month Guidelines range that would apply if the terrorism enhancement were found inapplicable. Similarly, in the defendants' PSRs the Probation Department has recognized that consideration of the nature of the offense conduct and the history and personal characteristics of the defendants suggest that a departure from the applicable Guideline sentencing range and/or a sentence outside the advisory Guidelines system may be warranted. Specifically, Probation noted that application of the terrorism enhancement

> . . . increased the offense level by 12 levels and increased the criminal history category to VI, resulting in a significant[] increase to the guideline range, even with the restriction of the statutory maximum. This increase appears to over-represent the maliciousness of the defendants' intentions in committing the offense, while also negating the defendants' otherwise law-abiding lives free of prior criminal convictions. The ultimate impact of the application of the enhancement in a case such as this does not seem to be in line with the considerations of the guidelines, and as such, a downward departure may be warranted per Policy Statement 5K2.0.

(Mattis PSR ¶ 103; Rahman PSR ¶ 105). Similarly, Probation has further recognized that the applicable Guidelines range may, in this case, advise the imposition of sentence that is excessive in relation to the aberrational nature of the defendants' conduct:

> The defendant's involvement in the instant offense was aberrational in nature, and it appears that the advisory sentencing guidelines overstate the defendant's culpability in the offense, given that the application of USSG §3A1.4 far exceeds the statutory maximum sentence in this case, and the crime involved setting an empty police vehicle on fire, wherein the resulting harm constituted monetary damages to the NYPD and no physical harm to any persons. The Court may consider this as a mitigating factor to warrant a sentence outside of the advisory guideline system.

(Mattis PSR ¶ 105; Rahman PSR ¶ 107).

The case-specific mitigating facts and circumstances, together with others detailed in the defendants' PSRs, provide strong justification for the Court to impose a non-Guidelines sentence in this case, without regard to the determination of the applicable Guidelines range. Coupled with the defendants' withdrawal of their objection to the Guidelines range calculated in the PSR as part of the superseding plea agreements, the parties respectfully submit that a hearing on the Guidelines range is no longer necessary.

III.    Conclusion

For the foregoing reasons, the parties respectfully request that the Court cancel the Guidelines hearing currently scheduled for May 18, 2022, convert that appearance to a change of plea hearing, and set a new briefing and sentencing schedule at the change of plea hearing.

Respectfully submitted,

BREON PEACE
United States Attorney

By:    /s/
Ian C. Richardson
Jonathan E. Algor
Assistant U.S. Attorneys
(718) 254-7000

cc:    Clerk of the Court (BMC) (by ECF)
Senior U.S. Probation Officer Shayna Bryant
Sabrina P. Shroff, Esq. and Adam Margulies, Esq. (for defendant Colinford Mattis)
Paul Shechtman, Esq., Peter W. Baldwin, Esq., and Rita Maxwell, Esq. (for defendant Urooj Rahman)